UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SALOMON WEISS
on behalf of himself and
all other similarly situated consumers

      Plaintiff,

  -against-


NORTHSTAR LOCATION SERVICES, LLC

      Defendant.

---

# CLASS ACTION COMPLAINT

## *Introduction*

1. Plaintiff Salomon Weiss seeks redress for the illegal practices of Northstar Location Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

## *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Salomon Weiss*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 3, 2020, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said September 3, 2020 letter, instead of it being sent to Plaintiff directly from its own offices, Defendant sent information regarding Plaintiff and the alleged debt to a commercial mail-house ("mail house").

12. As such, Defendant had disclosed to the mail house, the Plaintiff's status as a debtor and other highly personal pieces of information.

13. The mail house then populated much of Plaintiff's private information into a pre-written template, printed it, and mailed the letter to the Plaintiff's residence in New York.

14. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

15. The sending of an electronic file containing information about Plaintiff's purported debt to a mail house is therefore a communication.

16. Defendant's communication to the mail house was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being

communication with and motivation of the consumer to pay the alleged debt.

17. Plaintiff Salomon Weiss, never consented to having his personal and confidential information, concerning the debt or otherwise, shared with anyone else.

18. Section 15 U.S.C. 1692c(b) of the FDCPA states:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the **consumer, his attorney, a consumer reporting agency** if otherwise permitted by law, **the creditor, the attorney of the creditor, or the attorney of the debt collector**." (emphasis added).

19. The mail house used by Defendant as part of its debt collection efforts against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

20. Due to Defendant's communication to this mail house, information about the Plaintiff, including his name, the amount allegedly owed, and his home address are all within the possession of an unauthorized third-party.[1]

21. Defendant unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

22. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive and personal information to an unauthorized third-party has on consumers. See Hunstein v. Preferred Collection & Mgmt. Servs., Case No. 8:19-cv-983-T-60SPF (M.D. Fla. Oct. 29, 2019) (Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise

---

[1] Brown v. Van Ru Credit Corp., 804 F.3d 740, 743 (6th Cir. 2015). If a debt collector ("conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information.")

amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection.)

23. Defendant violated 15 U.S.C. § 1692c(b) for disclosing information about Plaintiff's alleged debt to the employees of an unauthorized third-party mail house in connection with the collection of the debt.

24. Defendant violated 15 U.S.C. § 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive and personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

25. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

26. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

27. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

28. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

29. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

30. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

31. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and

participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

32. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

33. As an actual and proximate result of the acts and omissions of Northstar Location Services, LLC, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

34. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty-three (33) as if set forth fully in this cause of action.

35. This cause of action is brought on behalf of Plaintiff and the members of a class.

36. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 3, 2020; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Discover Bank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692c(b) and 1692f for disclosing information about Plaintiff's alleged debt to the employees of an

unauthorized third-party mail house in connection with the collection of the debt and for using unfair means in connection with the collection a debt.

37. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

38. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

> Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

39. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

40. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

41. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

42. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

> A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);
>
> B. Attorney fees, litigation expenses and costs incurred in bringing this action; and
>
> C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 9, 2021

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

4285 Genesee Street
Cheektowaga, NY 14225-1943

Return Service Requested

09/03/2020

1 MB  *A-01-G8W-AM-00805-4

WEISS, SALOMON

Northstar Location Services, LLC
1-888-795-2443
Hours Mon- Fri 8AM-8PM ET
Payment website: https://www.gotonls.com

Creditor: Discover Bank
Account #: *************** 
Reference #: 3947536
Balance: $3,046.09

NORTHSTAR LOCATION SERVICES, LLC.
ATTN: FINANCIAL SERVICES DEPARTMENT
PO BOX 49
BOWMANSVILLE NY 14026-0049

Your account(s) has been referred to our office by Discover Bank with a past due amount of $3,046.09.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To make paying your account more convenient we offer Payment-by-phone at 1-888-795-2443 or via Web Pay at https://www.gotonls.com. We accept checking, savings, and debit or credit card.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

The total amount of the debt due as of charge-off: $3,046.09
The total amount of payments and credits made on the debt since the charge-off: $0.00
The total amount of interest accrued since charge-off: $0.00
The total amount of non-interest charges or fees accrued since charge-off: $0.00

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
   1. Supplemental security income, (SSI);
   2. Social security;
   3. Public assistance (welfare);
   4. Spousal support, maintenance (alimony) or child support;
   5. Unemployment benefits;
   6. Disability benefits;
   7. Workers' compensation benefits;
   8. Public or private pensions;
   9. Veterans' benefits;
   10. Federal student loans, federal student grants, and federal work study funds; and
   11. Ninety percent of your wages or salary earned in the last sixty days.



ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

9573834-IDL01